AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>Hidelberto Celestino-Serrano,<br>A/K/A Hugo Carbajal<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 8:18-mj-1193-JSS<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 22, 2018__ in the county of __Manatee County__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(2) | Reentry after deportation after conviction for an aggravated felony |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Scott Spicciati, Deportation Officer, ICE-ERO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/23/18

_____
*Judge's signature*

City and state: Tampa, Florida

JULIE S. SNEED, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Scott Spicciati, being duly sworn, hereby depose and state as follows:

1. I am employed as a Deportation Officer with the Department of Homeland Security, United States Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), currently assigned to Tampa, Florida. I have been employed as a federal law-enforcement officer since April 13, 2008.

2. As a Deportation Officer, I am charged with enforcing United States immigration laws, both administrative and criminal, including investigating violations of such laws and making arrests of removable aliens in accordance with these laws. I am a federal law-enforcement officer with the authority to execute arrest and search warrants under the authority of the United States.

3. This affidavit is submitted in support of a criminal complaint. The statements contained in this affidavit are based on my personal knowledge and that of other law-enforcement officers and on information gathered from computer databases. This affidavit does not contain every fact regarding the investigation but does document the probable cause to charge Hidelberto CELESTINO-SERRANO ("CELESTINO-SERRANO"), A/K/A Hugo Carbajal, a native and citizen of Mexico, with being an alien found in the United States without permission after removal, in violation of 8 U.S.C. § 1326(a) and (b)(2).

## FACTS AND CIRCUMSTANCES

4. On or about February 22, 2018, a Manatee County Sheriff's Office ("MCSO") deputy encountered CELESTINO-SERRANO pursuant to a trespassing

investigation at K&S Discount Food and Beverage in Manatee County, Florida. The deputy contacted Deportation Officer Roberto Serrano after a National Crime Information Center ("NCIC") hit alerted the deputy to CELESTINO-SERRANO's past removals and immigration status.

5. On or about February 22, 2018, Deportation Officer Serrano found CELESTINO-SERRANO at the Manatee County Sheriff's Office, which is within the Middle District of Florida.

6. Post-*Miranda*, CELESTINO-SERRANO stated that he is a Mexican citizen who had voluntarily reentered the United States without permission after removal.

7. I performed an immigration records check using the Central Index System ("CIS"), and I reviewed the documents contained within CELESTINO-SERRANO's Alien File ("A-File"). Upon reviewing these sources, I determined that CELESTINO-SERRANO is a native and citizen of Mexico, and that he had been removed from the United States to Mexico, on or about November 15, 2001, and on or about April 17, 2008.

8. Fingerprints taken of CELESTINO-SERRANO were submitted through the Integrated Automated Fingerprint Identification System ("IAFIS") and compared with those taken prior to his removal from the United States. The IAFIS indicates that they are from the same person.

9. Computer record checks also indicate that CELESTINO-SERRANO was convicted of Aggravated Assault with a Deadly Weapon, on or about November 4,

2

1994, in Manatee County, Florida; Assault, on or about June 22, 2001, in Manatee County, Florida; and of Illegal Re-Entry After Conviction for an Aggravated Felony, on or about April 22, 2005, in the United States District Court for the Middle District of Florida.

10. No information exists, either in the A-File or the computer databases, showing that CELESTINO-SERRANO has received permission from the Attorney General, the Secretary for the Department of Homeland Security, or any other immigration official to either reenter the United States after having been previously removed or to reapply for admission to the United States after having been previously removed.

## CONCLUSION

11. Based on the foregoing facts, I believe there is probable cause to establish that CELESTINO-SERRANO, a citizen and national of Mexico, is an alien found in the United States without permission after removal, in violation of 8 U.S.C. § 1326(a) and (b)(2).

Scott Spicciati
Deportation Officer, ICE-ERO

Sworn to and subscribed before me this __ day of __23__, 2018, in Tampa, Florida.

JULIE S. SNEED
United States Magistrate Judge

3